**Johnnie MOTLEY, Jr., Appellee,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellant.**

**No. 85–1561.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 6, 1986.

Decided Sept. 10, 1986.

Mack A. Davis, Office of General Counsel, Social Security Div. (Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Donald A. Gonya, Asst. Gen. Counsel; Randolph W. Gaines, Deputy Asst. Gen. Counsel for Litigation, John B. Watson,

---

Chief, Assistance Payments Litigation Branch, Baltimore, Md., on brief), for appellant.

J. Patterson Rogers, 3rd, Danville, Va., for appellee.

Before ERVIN and WILKINSON, Circuit Judges, and HOUCK, United States District Judge for the District of South Carolina, sitting by designation.

PER CURIAM:

After successfully representing the plaintiff in his claim to benefits under Title II and Title XVI of the Social Security Act (the Act), counsel for the plaintiff petitioned the district court for an award of attorney's fees based on the total amount of Title II benefits to which plaintiff would be entitled absent the Title XVI windfall offset.[1] Because the district court concluded that Congress did not intend for the Title XVI windfall offset provision to reduce the amount of attorney's fees available, the court awarded the petitioner $2,556.13—25 percent of the unreduced Title II disability benefits.[2]

## I

Section 206(a) of the Act, 42 U.S.C. § 406(a)(1982), provides that the Secretary shall certify for payment to the attorney of a successful Title II claimant "an amount equal to ...(A) 25 per centum of the total amount of such past-due benefits...." Similarly, section 206(b), 42 U.S.C. § 406(b) (1982), provides that a court may award a reasonable attorney's fee "not in excess of 25 percent of the past-due benefits...." The past-due benefits described by the statute are those to which the claimant is "entitled" under the disability benefits subchapter, Title II of the Act.

Section 1127 of the Act, 42 U.S.C. § 1320a–6 (1982), provides that *the benefits* to which a Title II claimant would otherwise be entitled *"shall be reduced* by an amount equal to so much of such supplemental security income benefits ... as would not have been paid with respect to such individual ... if the individual had received the benefits under subchapter II of this chapter at the times they were regularly due during such period rather than retroactively...."* (emphasis added). The Secretary has interpreted the "past-due benefits" provisions of section 206, 42 U.S.C. § 406, in light of the section 1127 offset, 42 U.S.C. § 1320a–6, and has concluded that "past-due benefits" under section 206 means "the total amount of benefits *payable* under Title II...." 20 C.F.R. § 404.1703 (1985) (emphasis added) (prior versions of regulation read same; *see also* 47 Fed.Reg. 4986 (1982) (Secretary's comments making it clear that the definition found at 20 C.F.R. § 404.1703 should apply to withholding of attorney's fees.)

## II

We note initially that where Congress has entrusted an agency with implementation of a statutory scheme, that agency's interpretation of the statutory terms is en-

---

1. Receipt of Title XVI benefits, supplemental security income is based in part on financial need. *See infra* note 3. The Title XVI windfall offset, 42 U.S.C. § 1320a–6 (1982), provides for a reduction in Title II benefits based on the excess amount or windfall of need-based Title XVI benefits that the claimant receives because of a retroactive award of Title II benefits. If Title II benefits are paid when due rather than retroactively, then no windfall occurs because the claimant's financial need and resulting entitlement to supplemental security income, Title XVI, is lowered by the timely payment of disability benefits.

2. The court's award of $2,556.13 is 25 percent of $10,224.50 ($10,230.90 less undisputed deduc-

tions of $6.40). Appellant's brief, however, avers that the district court erroneously recited $10,230.90 as the amount of unreduced Title II benefits. Appellant indicates that $11,230.90 is the correct amount of unreduced Title II benefits. Brief for Appellant at 3 n. 3 and accompanying text. Appellant's correction is consistent with the district court's recitation of $5,318.90 as the windfall amount of past-due Title XVI benefits, $6.40 as the amount of undisputed deductions, and $5,905.60 as the amount of reduced Title II benefits. *See* 605 F.Supp. 88, 89. The amount of reduced Title II benefits upon which attorney's fees are properly calculated is $5,905.60 and undisputed.

titled to substantial deference. *Blum v. Bacon*, 457 U.S. 132, 141, 102 S.Ct. 2355, 2361, 72 L.Ed.2d 728 (1982). Courts are free to evaluate, however, whether agency interpretations are arbitrary, capricious, or beyond the agency's statutory authority. *Heckler v. Campbell*, 461 U.S. 458, 466, 103 S.Ct. 1952, 1956, 76 L.Ed.2d 66 (1983); *Herweg v. Ray*, 455 U.S. 265, 275, 102 S.Ct. 1059, 1066, 71 L.Ed.2d 137 (1982).

### III

The district court focused its opinion on the need to "encourage effective legal representation of claimants by ensuring lawyers that they [will] receive reasonable fees," 605 F.Supp. 88, 91 (W.D.Va.1985), and the absence of any evidence that the "windfall provision was intended to affect attorney's fees under 42 U.S.C. § 406." 605 F.Supp. at 92. The court's concerns are well taken.

In section 206 of the Act, Congress has attempted to strike a balance between the need to ensure some measure of collectible attorney's fees and the desire not to dilute the claimant's benefits with excessive attorney's fees. *See Dawson v. Finch*, 425 F.2d 1192 (5th Cir.1970) (two congressional goals of section 206(b)), *cert. denied*, 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 60 (1970), *reh'g denied*, 400 U.S. 953, 91 S.Ct. 233, 27 L.Ed.2d 261 (1970). There is no parallel attorney's fees provision under Title XVI, and thus, the only funds available to the

attorney of a claimant under both Title II and Title XVI are the funds withheld by the Secretary pursuant to section 206(a) of the Act.[3] Although the fee limitation created by this statutory absence may not be intended, that limitation is appropriate for the Congress to consider but not this court.

A claimant's attorney has an ethical responsibility to seek all benefits to which his client might be entitled. The attorney can evaluate the potential for a Title XVI award reducing the attorney's fee withheld before he or she undertakes representation of the claimant. Although the potential for a Title XVI award may discourage attorneys from representing the poorest[4] of claimants, the Secretary's interpretation of "past-due benefits" also ensures that the poorest of claimants keep more of their award insulated from their attorney. If Congress finds the balance struck by the Secretary's interpretation inappropriate in cases involving Title XVI benefits it may amend the Act, but this court cannot say that the interpretation is arbitrary, capricious, or inconsistent with the statutory scheme. To the contrary, the Secretary's interpretation is completely consistent with the language of section 206(b), 42 U.S.C. § 406(b), which describes the past-due benefits as those "to which the claimant is entitled by reason of ... judgment...." *See Cuthbert v. Secretary, Department of Health and Human Services*, 784 F.2d 1157, 1160 (4th Cir.1985) (The Secretary's

**3.** Although the Secretary does not withhold funds from an award of Title XVI benefits for the payment of attorney's fees, an attorney *may* be able to collect a fee for Title XVI representation directly from his or her client pursuant to their fee agreement. Section 206(b)(2) of the Act, 42 U.S.C. § 406(b) (2), does make it unlawful for an attorney to collect "any amount in excess of that allowed by the court," but that admonition applies only to "services rendered in connection with [Title II proceedings] before a court." *Id.* The Secretary does, however, require that any fee for Title XVI services performed at the administrative level be approved prior to collection. 20 C.F.R. § 416.1520 (1985). The appropriateness of collecting Title XVI fees, the validity of the Secretary's requirement of

approval, and the proper amount of Title XVI fees in this case, if any, are not before the court on this appeal; the sole issue raised by the appellant is whether attorney's fees under section 206 of the Act should be calculated before or after the Title XVI windfall offset.

**4.** In addition to a disability requirement similar to that for Title II benefits, *compare* 42 U.S.C. §§ 1382(a) and 1382c(a)(3) to 42 U.S.C. §§ 423(a) and (d), Title XVI claimants must also demonstrate financial need. *See* 42 U.S.C. § 1382. Thus, claimants eligible for both Title II and Title XVI benefits are necessarily poorer than those who qualify only for Title II benefits.

interpretation "is a sensible reading of the statute, since the direct payment to the lawyer is to be made out of funds otherwise payable to the client."); *accord Detson v. Schweiker,* 788 F.2d 372, 375–76 (6th Cir.1986); *Wheeler v. Heckler,* 787 F.2d 101, 107–08 (3rd Cir.1986); *Burnett v. Heckler,* 756 F.2d 621 (8th Cir.1985); *Cloyd v. Weinberger,* 527 F.2d 1167 (6th Cir.1975) (same interpretation of section 206(b) in a case involving the offset for workmen's compensation).

### IV

Accordingly, the judgment of the district court awarding attorney's fees in the amount of $2,556.13 is reversed. Because it is clear that the district court intended to award the maximum allowable amount and the Secretary has no objection to the reasonableness of awarding the full 25 percent of the reduced Title II benefits, we remand this case to the district court for the entry of an award of $1,476.40 as attorney's fees.

REVERSED AND REMANDED.