NOONAN, Circuit Judge:
 

 The Secretary of Heálth and Human Services (the Secretary) appeals the district court’s award of attorney fees under 42 U.S.C. § 406(b)(1). The single, not-so-simple issue before the court — of importance to the Secretary and to the Social Security Bar — is whether interim payments made to a claimant pursuant to section 2(e) of the Social Security Disability Benefits Reform Act of 1984, Public L. No. 98-460, 98 Stat. 1794, are to be included in the “past-due benefits” formula for computing attorney fees. We hold that they are not included and reverse and remand.
 

 BACKGROUND
 

 In 1980 Nazaria Rodriguez-Marrero successfully applied for disability insurance benefits, but in 1982 she was found by the Secretary to be no longer disabled. An administrative law judge sustained the Secretary; the Appeals Council denied review. Rodriguez sought judicial relief and on November 8, 1984 the district court remanded the case to the Secretary under section 2(d) of the Disability Act of 1984.
 

 Section 2(e) of the 1984 Disability Act permitted claimants to elect to receive interim benefits until the Secretary made an initial redetermination. In November 1984 Rodriguez so elected and was paid monthly benefits. On October 19, 1986, the Secretary found that her eligibility for benefits should be reinstated as of January 1983. She was notified that $5,317 in past-due benefits were payable for the period from January , 1983 through October 1984. The Secretary authorized payment of $1,300 of this amount to Rodriguez’s counsel, Juan A. Hernandez-Rivera and Ivan O. Gonzalez-Cruz, for their services in the administrative proceedings.
 

 Hernandez and Gonzalez then filed a petition with the district court showing that they had represented Rodriguez from 1980 all through the proceedings until 1984, spending “at the judicial level” a total of nine hours and incurring expenses of $425. They asked the district court to award them 25 percent “of plaintiff’s past-due benefits.”
 

 Their claim was considered by Magistrate J.A. Castellanos who reduced their hours to eight and made an award a rate of $80 per hour for a total of $640. The lawyers had attempted to include a pro rata share of the cost of their new computer and new word processor. The magistrate eliminated these charges and reduced expenses to $125, so that the total award was $765 in addition to the $1300 fee awarded administratively. The district court further reduced the expenses to $112 and the number of hours to 3.25 at a rate of $85, for a total supplemental fee award of $388.25.
 

 The Secretary then moved under Fed.R. Civ.P. 60(b) to reduce the award, so that the total fee for services rendered at both the administrative level and before the district court would not exceed the statutory
 
 *340
 
 maximum of 25 percent of the past-due benefits withheld. The Secretary contended that interim benefits were not to be included in this calculation. According to the Secretary, the attorneys should be paid only $29.25 more. The district court denied the motion, holding that interim benefits were included within the definition of past-due benefits under 42 U.S.G. § 406(b). The Secretary appealed.
 

 ANALYSIS
 

 The problem of securing fair compensation for lawyers representing Social Security applicants is one not easy of resolution. There is a danger that too much of the benefits go to the lawyers rather than the claimants. There is also the danger that if the lawyers have no assured compensation the claimants will not be represented. The problem is of a legislative character. Congress has dealt with it and delegated to the Secretary the authority to spell out what Congress has intended.
 

 The history of attorney fees under the Social Security Act has been authoritatively set out.
 
 Bowen v. Galbreath,
 
 — U.S. —, 108 S.Ct. 892, 894, 99 L.Ed.2d 68 (1988). The act originally contained no provision for attorney fees. In 1965 the Fifth Circuit held that district courts were implicitly authorized to award fees.
 
 Celebrezze v. Sparks,
 
 342 F.2d 286 (5th Cir.1965). Congress then codified the law by an amendment to 42 U.S.C. § 406.
 

 The statute provides that “[w]henever a court renders a judgment favorable to a claimant under this subchapter who is represented before the court by an attorney, the court may ... allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.” 42 U.S.C. § 406(b)(1). Under (b)(2) a lawyer who charges, demands, receives or collects for services in excess of the amount allowed by the court is guilty of a misdemeanor. In 1968 section 406(a) was amended to give the Secretary similar authority to pay attorneys for their work in administrative proceedings from past-due benefits. Again, there are criminal penalties for a lawyer charging in excess of the maximum prescribed by the Secretary.
 

 The Secretary has defined “past-due benefits” as “the total amount of benefits payable under Title II of the Act to all beneficiaries that has accumulated because of a favorable administrative or judicial determination or decision.” 20 C.F.R. § 404.1703. Benefits that are “payable” and have “accummulated” do not include benefits that have been already paid out on an interim basis. If the Secretary’s regulation is valid in the present context, the Secretary is right in his appeal.
 

 The Secretary’s regulation has been upheld in other contexts despite its impact on attorney fees.
 
 See Motley v. Heckler,
 
 800 F.2d 1253, 1254-56 (4th Cir.1986);
 
 McCarthy v. Secretary of Health & Human Serv.,
 
 793 F.2d 741, 743-44 (6th Cir.1986);
 
 Detson v. Schweiker,
 
 788 F.2d 372, 375-76 (6th Cir.1986);
 
 Wheeler v. Heckler,
 
 787 F.2d 101, 104-07 (3d Cir.1986);
 
 Burnett v. Heckler,
 
 756 F.2d 621, 624-25 (8th Cir.1985).
 

 Two district courts have agreed with the Secretary.
 
 Hewett v. Bowen,
 
 No. 584-Civ.-040, slip op. (S.D.Ga.1987);
 
 Pittman v. Bowen,
 
 No. 84-Civ.-114, slip op. (E.D.Ark.1987),
 
 appeal docketed,
 
 No. 87-1995 (8th Cir.). Other district courts have disagreed with the Secretary, including the court in this case, the court in
 
 Condon, infra,
 
 the court in
 
 Santos Rivera v. Secretary of Health & Human Serv.,
 
 674 F.Supp. 963 (D.P.R.1987), and the court in
 
 Shoemaker v. Bowen,
 
 No. CV 84-PT-0486-S, slip op. (N.D.Ala.1987) [available on WESTLAW, 1987 WL 49081],
 
 appeal pending,
 
 No. 87-7696 (11th Cir.). The only circuit court to consider the matter has also held against the Secretary,
 
 Condon v. Bowen,
 
 853 F.2d 66 (2d Cir.1988).
 

 Congress, the Second Circuit concluded, gave every indication of wanting to assure disability claimants of interim benefits if they needed them. The Secretary’s application of his regulation to interim benefits puts the claimant who elects interim benefits at a disadvantage: no lawyer except a volunteer would take the claimant’s case. The social security administration is a laby
 
 *341
 
 rinth not easily threaded without the helping hand of counsel. In the guise of protecting the beneficiaries of social security, the Secretary is actually depriving them of knowledgeable professional counsel. Common sense, the Second Circuit concluded, dictated a different interpretation of the statute.
 
 Id.
 
 The Secretary urges countervailing considerations and we find them decisive.
 

 First.
 
 In 1972 Congress enacted Title XVI of the Social Security Act without providing authority to withhold past-due benefits to pay attorney fees. Congress’ omission has now been authoritatively interpreted as deliberate.
 
 Bowen v. Galbreath,
 
 108 S.Ct. at 894.
 

 The Secretary argues that
 
 Bowen v. Gal-breath
 
 controls here. Congress enacted the Disability Benefits Reform Act of 1984 without providing authority for the payment of attorney fees. The court in
 
 Con-don
 
 treated the Secretary’s regulation as irrelevant because it predated the 1984 act, but the preexistence of the regulation actually cuts in the other direction: Congress— at least the relevant committees and staffs of Congress — had to be aware of the Secretary’s regulation and to know that in the absence of contrary legislation, the regulation would control.
 

 Second.
 
 What is ultimately dispositive is that the Secretary may, “by rule and regulation prescribe the maximum fees which may be charged.” 42 U.S.C. § 406(a). The Secretary’s rules governing maximum fees are thus made pursuant to an explicit statutory delegation. They have, therefore, “legislative effect.”
 
 Hogan v. Heckler,
 
 769 F.2d 886, 888 (1st Cir.1985),
 
 cert. denied,
 
 478 U.S. 1007, 106 S.Ct. 3301, 92 L.Ed.2d 715 (1986). It could be objected that the explicit statutory delegation relates only to “services performed in connection with any claim before the Secretary,” not to legal work before a court. But we think it inappropriate to defer to the Secretary’s regulation under section 406(a) as legislation and to hold it unreasonable under section 406(b). Responding as we must to the legislative force of the Secretary’s regulation, we hold that it governs the present case.
 

 REVERSED AND REMANDED.