George L. AKERS, Plaintiff,

Wolodymyr Cybriwsky, Attorney–
Appellant,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,
Defendant–Appellee.

No. 91–5544.

United States Court of Appeals,
Sixth Circuit.

Argued March 31, 1992.

Decided June 12, 1992.

Wolodymyr Cybriwsky (argued and briefed), Prestonsburg, Ky., for attorney-appellant.

John S. Osborne (argued), Office of U.S. Atty., Lexington, Ky., John Jarrett (briefed), Dept. of Health & Human Services, Atlanta, Ga., for defendant-appellee.

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan,

Before: KEITH and SILER, Circuit Judges; and COHN,* District Judge.

SILER, Circuit Judge.

Appellant, Wolodymyr Cybriwsky ("counsel"), appeals the district court's order, which calculated counsel's fee based solely on the accrued benefits, excluding interim benefits under 42 U.S.C. § 423(g)(1), paid to plaintiff, George L. Akers ("claimant"). The issue is whether claimant's interim benefits are "past-due benefits" under 42 U.S.C. § 406(b)(1) for purposes of calculating counsel's fee. For the following reasons, we REVERSE the district court's order.

I. *FACTS AND PROCEDURE*

In October, 1987, the Social Security Administration ("SSA") decided that claimant's medical condition had improved and his disability benefits would cease in December, 1987. Claimant requested reconsideration of the SSA's decision and received interim benefits pending his appeal. After a Disability Hearing Officer and an Administrative Law Judge upheld the SSA's decision, the SSA discontinued claimant's interim benefits in June, 1989. Then, after the Appeals Council upheld the SSA's decision, claimant filed a complaint in district court, requesting judicial review of the final decision of the Secretary of Health and Human Services ("Secretary"). The district court reversed the decision, holding that the SSA should not have terminated claimant's benefits.

Thereafter, counsel moved the district court for attorney's fees of twenty-five percent of claimant's "past-due benefits," including interim benefits. As interim benefits are *not* "accumulated because of a favorable ... decision," the Secretary argued that they are *not* "past-due benefits." *Cf.* 42 U.S.C. § 423(g); 20 C.F.R. § 404.-1703. The district court, deferring to the Secretary and adopting the minority position set forth in *Rodriguez v. Secretary,* 856 F.2d 338 (1st Cir.1988), ordered the SSA to pay counsel twenty-five percent of the benefits accrued since July, 1989, when

sitting by designation.

the SSA discontinued claimant's interim benefits.

## II. *ANALYSIS*

Courts may grant an attorney's fee, "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1). As Section 406 does *not* define "past-due benefits," in 1980 the Secretary by regulation defined "past-due benefits" as benefits which have "accumulated" due to a "favorable administrative or judicial determination or decision." 20 C.F.R. § 404.1703. Thereafter, Congress passed the Social Security Disability Benefits Appeals Act of 1984, 42 U.S.C. § 423, which allows claimants to receive interim benefits pending an appeal. 42 U.S.C. § 423(g). Since then three circuits have held that interim benefits are "past-due benefits." *See Gowen v. Bowen*, 855 F.2d 613 (8th Cir.1988); *Shoemaker v. Bowen*, 853 F.2d 858 (11th Cir.1988); *Condon v. Bowen*, 853 F.2d 66 (2d Cir.1988); *contra Rodriguez*, 856 F.2d at 341.

In *Rodriguez*, the court deferred to the Secretary, as Congress had authorized the Secretary to regulate attorney's fees. *Id.* at 341. This finding of explicit delegation was based on the Secretary's authority to "prescribe the maximum fees." *Id.* (quoting 42 U.S.C. § 406(a)(1)). In full, this quotation states that the Secretary "may, by rule and regulation, prescribe the maximum fees which may be charged *for services performed in connection with any claim before the Secretary* under this subchapter." 42 U.S.C. § 406(a)(1) (emphasis added). Instead of holding that the explicit delegation relates *only* to services performed before the Secretary, the court stated: "[W]e think it inappropriate to defer to the Secretary's regulation under section 406(a) ... and to hold it unreasonable under section 406(b)." *Rodriguez*, 856 F.2d at 341.

The majority position, holding that common sense and legislative intent dictate that interim benefits be included as "past-due benefits," is justified on several bases. First, interim benefits are similar to a loan, since they must be repaid by unsuccessful claimants (absent waiver by the Secretary). *Condon*, 853 F.2d at 70. Thus, a claimant is not "entitled" to the benefits, absent a final favorable decision. *Id.* Second, the Secretary's definition of "past-due benefits" would: (1) create an "unjustifiable dichotomy" between attorneys of claimants who did *and* did not elect interim benefits; (2) create a potential conflict between attorneys and claimants; and (3) impose greater hardships on claimants by discouraging competent attorneys from representing them. *Id.* at 71.

Congress later amended Section 406(a) through the Omnibus Reconciliation Act of 1990 to exclude interim benefits from "past-due benefits" for calculating attorney's fees for services performed before the Secretary. 42 U.S.C. § 406(a)(2)(B). Nonetheless, there are two valid reasons to adopt the majority position. First, while Congress was aware of the *Gowen, Shoemaker,* and *Condon* holdings when it amended Section 406(a), it was silent about whether interim benefits should be excluded from "past-due benefits" for calculating attorney's fees for services performed before the courts. Second, as Congress delegated the Secretary authority with respect to Section 406(a) but *not* Section 406(b), the amendment merely affirmed the Secretary's definition of "past-due benefits" for calculating attorney's fees for services performed before the Secretary. Thus, we cannot infer any congressional intent to exclude interim benefits from "past-due benefits" for calculating attorney's fees for services performed before the courts from the amendment.

## III. *CONCLUSION*

We must "interpret the words of these statutes in light of the purpose Congress sought to serve." *Condon*, 853 F.2d at 70 (quoting *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 608, 99 S.Ct. 1905, 1911, 60 L.Ed.2d 508 (1979)). Legislative intent dictates that interim benefits be included as "past-due benefits" for calculating attorney's fees for services performed before the courts. "If what we have said thus far suggests that the District Judge ... simply missed the signs on

a well marked [trail], we hasten to acknowledge that no such thing is true." *Getty v. Reed,* 547 F.2d 971, 975 (6th Cir. 1977). As the district court may grant counsel a fee, "not in excess of 25 percent of the total of the past-due benefits," 42 U.S.C. § 406(b)(1), we REVERSE the district court's order and REMAND this action for the district court to determine counsel's fee in accordance with this decision.