23 F.3d 394
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Fidel PAGAN, Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.
 No. 93-2299
 United States Court of Appeals,
First Circuit.
 May 17, 1994
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Gilberto Gierbolini, U.S. District Judge ]
 Paul Ramos Morales on brief for appellant.
 Guillermo Gill, United States Attorney, Jose Vazquez Garcia, Assistant United States Attorney, Randolph W. Gaines, Acting Chief Counsel for Social Security, A. George Lowe, Deputy Chief Counsel for Disability Litigation, and Richard Fox, Attorney, Office of the General Counsel, Social Security Division, Department of Health and Human Services, on brief for appellee.
 D. Puerto Rico
 AFFIRMED.
 Before Breyer, Chief Judge, Selya and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant acknowledges that the sole issue involved in the instant appeal was addressed by this court in Rodriguez v. Secretary of HHS, 856 F.2d 338 (1st Cir. 1988). Noting that four circuit courts have reached a contrary conclusion, he requests that our Rodriguez holding be "revisited." Yet it is "black-letter law that, in a multi- panel circuit, newly constituted panels are, with few exceptions ..., bound by prior panel decisions closely in point." Doughty v. Underwriters at Lloyd's, London, 6 F.3d 856, 861 (1st Cir. 1993).
 
 
 2
 Appellant has advanced no reason to depart from this rule, and we perceive none. It cannot be said that our Rodriguez decision has been "undercut by controlling authority, subsequently announced, such as an opinion of the Supreme Court, an en banc opinion of the circuit court, or a statutory overruling." Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth., 945 F.2d 10, 12 (1st Cir. 1991), rev'd on other grounds, 113 S. Ct. 684 (1993). While subsequent amendments to 42 U.S.C. Secs. 406(a) & 423(h) have tangential relevance to the issue, see Akers v. Secretary of HHS, 966 F.2d 205, 206 (6th Cir. 1992), they fall short of dictating a construction of section 406(b) different from that reached in Rodriguez. Likewise, it cannot be said that collateral authority has since emerged of sufficient persuasiveness to offer "a convincing reason for believing that the earlier panel ... would change its course." Metcalf & Eddy, Inc., 943 F.2d at 12. The court in Condon v. Secretary of HHS, 853 F.2d 66 (2d Cir. 1988), fully explicated the reasons for adopting a contrary view; the ensuing cases largely echo that rationale. And we specifically rejected the Condon court's reasoning in Rodriguez.
 
 
 3
 Affirmed.