USCA1 Opinion

 

 May 17, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-2299 FIDEL PAGAN, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Gilberto Gierbolini, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ___________________ Paul Ramos Morales on brief for appellant. __________________ Guillermo Gill, United States Attorney, Jose Vazquez Garcia, ______________ ___________________ Assistant United States Attorney, Randolph W. Gaines, Acting ___________________ Chief Counsel for Social Security, A. George Lowe, Deputy Chief ______________ Counsel for Disability Litigation, and Richard Fox, Attorney, ___________ Office of the General Counsel, Social Security Division, Department of Health and Human Services, on brief for appellee. __________________ __________________ Per Curiam. Appellant acknowledges that the sole issue __________ involved in the instant appeal was addressed by this court in Rodriguez v. Secretary of HHS, 856 F.2d 338 (1st Cir. 1988). _________ ________________ Noting that four circuit courts have reached a contrary conclusion, he requests that our Rodriguez holding be _________ "revisited." Yet it is "black-letter law that, in a multi- panel circuit, newly constituted panels are, with few exceptions ..., bound by prior panel decisions closely in point." Doughty v. Underwriters at Lloyd's, London, 6 F.3d _______ _______________________________ 856, 861 (1st Cir. 1993). Appellant has advanced no reason to depart from this rule, and we perceive none. It cannot be said that our Rodriguez decision has been "undercut by controlling _________ authority, subsequently announced, such as an opinion of the Supreme Court, an en banc opinion of the circuit court, or a statutory overruling." Metcalf & Eddy, Inc. v. Puerto Rico _____________________ ___________ Aqueduct & Sewer Auth., 945 F.2d 10, 12 (1st Cir. 1991), ________________________ rev'd on other grounds, 113 S. Ct. 684 (1993). While _________________________ subsequent amendments to 42 U.S.C. 406(a) & 423(h) have tangential relevance to the issue, see Akers v. Secretary of ___ _____ ____________ HHS, 966 F.2d 205, 206 (6th Cir. 1992), they fall short of ___ dictating a construction of section 406(b) different from that reached in Rodriguez. Likewise, it cannot be said that _________ collateral authority has since emerged of sufficient persuasiveness to offer "a convincing reason for believing -2- that the earlier panel ... would change its course." Metcalf _______ & Eddy, Inc., 943 F.2d at 12. The court in Condon v. _____________ ______ Secretary of HHS, 853 F.2d 66 (2d Cir. 1988), fully __________________ explicated the reasons for adopting a contrary view; the ensuing cases largely echo that rationale. And we specifically rejected the Condon court's reasoning in ______ Rodriguez. _________ Affirmed. _________ -3-