

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-19-2009

# In re: Melinda Hande

Precedential or Non-Precedential: Precedential

Docket No. 08-2137

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In re: Melinda Hande " (2009). *2009 Decisions.* Paper 1098.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1098

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2137

IN RE: MELINDA HANDEL,

Debtor

BINDER & BINDER, P.C.

Appellant

v.

MELINDA HANDEL, and JO ANNE BARNHART,
COMMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION

Appellees

On Appeal of a Decision of the United States District Court
for the District of New Jersey (No. 2:07-02588 (DMC))
District Judge: Dennis M. Cavanaugh

Submitted under Third Circuit L.A.R. 34.1(a)
January 13, 2009

Before: SLOVITER and BARRY, *Circuit Judges*,
and POLLAK, *District Judge*[*]

(Filed: February 18, 2009)

_____

Jeffrey Herzberg
Zinker & Herzberg
278 East Main Street, Suite C
P.O. Box 866
Smithtown, NY 11787
        *Attorney for Appellants*

Anthony J. LaBruna
Office of United States Attorney
970 Broad Street, Room 700
Newark, NJ 07102
        *Attorney for Appellee*
        *Comm'r of Social Security*

Allen B. Gillman
770 Amboy Avenue
Edison, NJ 08837
        *Attorney for Appellee*
        *Melinda Handel*

OPINION OF THE COURT

POLLAK, <u>*District Judge*</u>.

Appellant Binder & Binder, P.C. (Binder), appeals from a March 28, 2008 order of the United States District Court for the

_____

[*] Honorable Louis H. Pollak, Senior Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

District of New Jersey affirming earlier grants of summary judgment from the United States Bankruptcy Court, District of New Jersey, in favor of the appellees, Melinda Handel and the Commissioner of the Social Security Administration. Binder sought payment, from Handel herself or from the Social Security Administration, of an outstanding debt for legal fees owed by Handel. We have jurisdiction pursuant to 28 U.S.C. §§ 158(d), 1291 and exercise the same standard of review as the District Court when it reviewed the original appeal from the Bankruptcy Court. *In re Woskob*, 305 F.3d 177, 181 (3d Cir. 2002). Thus, we review the Bankruptcy Court's findings of fact for clear error and exercise plenary review over the Bankruptcy Court's legal determinations. *Id.*

I.

In September 1996, Melinda Handel, a resident of New Jersey, became disabled and sought benefits from the Social Security Administration. In January 1998, she engaged the New York law firm of Binder & Binder to represent her in seeking benefits. Handel signed a retainer agreement stating, *inter alia*, that if "the litigation is successful at any stage of the administrative process, the CLAIMANT will pay [attorney's fees of] 25% of the past due benefits or $1,000, whichever is greater." J. Appx. at 27.

On March 6, 2002, the Social Security Administration issued a notice of award to Handel, granting her disability benefits from March 1997. Her past due benefits from March 1997 through November 2001 were calculated at $68,150. The notice of award stated the following (J. Appx. at 31):

> We have approved the fee agreement between you and your lawyer. Your past-due benefits are $68,150.00 for March 1997 through November 2001. Under the fee agreement, the lawyer cannot charge you more than $4,000.00 for his or her work . . . . Because of the law, we usually withhold 25 percent of the total past-due benefits or the maximum payable under the fee agreement to pay an approved lawyer's fee. We withheld

3

> $4,000.00 from the past due benefits to pay the
> lawyer.

Handel and Binder each had fifteen business days from the date of receipt of the award notice to contest the fee as too high or too low. At some point (the record does not reveal exactly when), the Social Security Administration issued a fee payment of $4,000 to Binder and issued the remaining past-due benefits to Handel.

Binder filed a challenge to the fee determination as too low. The record contains no evidence regarding whether Binder objected within the fifteen-day deadline. In its Reply Brief on this appeal, Binder has included an affirmation by attorney Charles Binder contending that the firm objected in a timely fashion.[1] On September 9, 2002, an administrative law judge increased the fee to $9,908.40. On October 2, 2002, Binder contested this determination. In April 2003, a different administrative law judge approved a fee amount of $14,000 for Binder. The record does not establish what steps, if any, Binder then took to obtain the $10,000 difference in fees from Handel or from the Social Security Administration.

On September 2, 2003, Handel filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code. The petition listed Binder as "an unsecured, nonpriority creditor

---

[1] Charles Binder's affirmation recites that the firm received an order on December 3, 2001 from an Administrative Law Judge approving the fee agreement, and that the firm filed objections to this order on December 7, 2001 with both the Administrative Law Judge and the "payment center" (presumably of the Social Security Administration). Binder Aff. ¶¶ 1 - 3. Further, Charles Binder states that his firm received the award notice on March 13, 2002 and filed a petition on April 5, 2002 requesting the full 25% fee. *Id*. ¶ 4. The April 5 petition would not have been within the fifteen-day period set by the notice for objections. Binder argues, however, that the firm's original objection of December 7, 2001 was timely and put the Commissioner on notice of its intention to pursue an increase in its fee. Reply Br. at 2 - 3.

holding a claim in the amount of $10,000." J. Appx. at 102. The Bankruptcy Court issued notices to creditors on Sept. 6 for a meeting on October 2, 2003. It is unclear whether Binder attended the meeting or pursued its listed debt through the regular bankruptcy process. Appellees contend that Binder did neither. On October 28, 2003, the bankruptcy trustee reported that Handel had no property available to satisfy her outstanding debts; the trustee recommended discharge of all remaining obligations. The Bankruptcy Court issued an order discharging Handel's debts on December 5, 2003.

On November 21, 2003, Binder filed a complaint in the Bankruptcy Court against Handel and the Commissioner of the Social Security Administration. Binder sought a determination that Handel's outstanding $10,000 debt to the firm was non-dischargeable. Binder further sought a declaratory judgment that (1) it retained rights to its full fee against both Handel and the Social Security Administration and (2) the Social Security Administration's "POMS" manual provisions regarding attorney's fees and claimant bankruptcy are void. The Bankruptcy Court held a hearing on February 23, 2004; following the hearing, the parties entered discovery, then filed cross-motions for summary judgment.

On October 4, 2005, the Bankruptcy Court issued an opinion and order concerning Binder's claim that the law firm retained an enforceable attorney's charging lien against Handel's benefits. The Bankruptcy Court ruled that Binder did not have an enforceable lien because 42 U.S.C. § 407(a) expressly bars "execution, levy, attachment, garnishment, or other legal process" against Social Security payments. Then on December 2, 2005, the Bankruptcy Court ruled that Binder had no "federal common law property right/lien" against Handel's benefits that could be enforced against the Social Security Administration.

Binder appealed the October and December 2005 summary judgment decisions to the District Court. On March 28, 2008, following some intervening process not at issue here, the District Court affirmed both decisions of the Bankruptcy Court.

5

## II.

Initially, we consider the Commissioner's contention that Binder's appeal should be dismissed. The Commissioner argues that Binder failed to object to the March 6, 2002 award within the allotted fifteen business days, and hence had no entitlement to pursue the matter further. The Commissioner's contention was not presented to the Bankruptcy Court or the District Court. It is raised here for the first time. To the argument that the time to raise this issue has passed, the Commissioner responds that the issue is one of standing to challenge a payment from the Commissioner, a jurisdictional question that can be raised at any time.

The award notice found in the record, which allocated $4,000 of the past-due benefits to Binder for attorney's fees, gave claimant's counsel fifteen business days to object to the fee determination. J. Appx. at 29 - 34. The record of the Bankruptcy Court proceedings does not reveal whether Binder objected within that period; in its Reply Brief on this appeal, the firm has included an affirmation that it made a timely objection of some kind to the fee determination.[2]

Despite appellees' creative pleading, this is an allegation of procedural default, not an issue of standing. The Commissioner argues that Binder should be barred from pursuit of the increased fee because it failed to file objections by the deadline set by the Social Security Administration. The Commissioner, however, should have raised this argument before the Bankruptcy Court. "It is well established that failure to raise an issue in the [court of original jurisdiction] constitutes a waiver of the argument." *Brenner v. Local 514, United Brotherhood of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1298 (3d Cir. 1991). The issue of whether Binder failed to timely object is waived.

## III.

_____

[2] *See* note 1 *supra* and accompanying text.

Binder argues that "SSA remains liable to pay the amount of the awarded attorney's fees" determined pursuant to 42 U.S.C. § 406(a) and that sovereign immunity does not protect the Social Security Administration from Binder's direct claim for the increased fee. The Bankruptcy Court determined that Binder held no kind of enforceable right against the Social Security Administration, and the District Court affirmed.

Section 206 of the Social Security Act ("the Act"), 42 U.S.C. § 406, governs the representation of Social Security claimants and dictates how fees for representation will be assessed and paid. The provision applicable to this controversy is as follows:

> . . . if the claimant is determined to be entitled to past-due benefits under this subchapter and the person representing the claimant is an attorney, the Commissioner of Social Security shall, notwithstanding section 405(i) of this title, certify for payment out of such past-due benefits . . . to such attorney an amount equal to so much of the maximum fee as does not exceed 25 percent of such past-due benefits. . .

42 U.S.C. § 406(a)(4). The attorney's fees provisions of § 406 were developed, in large measure, to eliminate conflicts over fees between claimants and counsel by creating a statutory mechanism for payment as well as a statutory cap on fees. *See, e.g., Pappas v. Bowen*, 863 F.2d 227, 231 (2d Cir. 1988); *Rodriguez v. Sec'y of HHS*, 856 F.2d 338, 340 (1st Cir. 1988); *Motley v. Heckler*, 800 F.2d 1253, 1255 (4th Cir. 1986).

Under the doctrine of sovereign immunity, the United States has no liability for the payment of attorney's fees absent express waiver. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983). "[42 U.S.C. § 406] is not a waiver of sovereign immunity, but rather a statutory interference with the attorney client contractual relationship which would otherwise be determined by the marketplace for legal services." *Coup v. Heckler*, 834 F.2d 313, 324 (3d Cir. 1987), *abrogated on other grounds by Gisbrecht v. Barnhart*, 535 U.S. 789 (2002); *see also*

7

*Pittman v. Sullivan*, 911 F.2d 42, 46 (8th Cir. 1990) (stating that § 406 "cannot be construed as a waiver of immunity because it contemplates payment of the fee award by the *claimant*, out of past-due benefits, rather than by the government, out of general funds" (internal quotations omitted)).

Accordingly, § 406 does not create in the Social Security Administration the kind of obligations described by Binder. Binder states, variously, that "it is indisputable that the SSA was statutorily mandated to pay the amount of the awarded fees to Binder, notwithstanding . . . Claimant's bankruptcy" and that "SSA's inadvertent payment of part of the 25% of the past-due disability award does not free the SSA from liability to Binder for the wrongful payment of part of said 25% award to the Claimant." Appellant's Br. at 14.[3] Such arguments suggest that, under § 406, the federal government has a direct obligation to counsel for a Social Security claimant for the amount of any attorney's fee determination. We disagree. The face of § 406 and cases like *Coup*, 834 F.2d at 324, make clear that the federal government oversees and regulates the private obligation of the claimant to her counsel, but does not create a federal promise to

---

[3] Binder contends that the Social Security Administration erred and contravened the law when it paid the firm $4,000 and released the remainder of the past-due benefits to the claimant. *See, e.g.,* Appellant's Br. at 35 ("SSA . . . failed to comply with its statutory obligations"), 39 ("It is beyond peradventure that the SSA was required to withhold the 25% of the past-due disability award."). In these statements, Binder appears to assert that the Social Security Administration is obligated affirmatively by the Act to withhold 25% of the past-due award until such point as all fee disputes are resolved. We do not agree with this reading of the statute or its implementing regulations. 42 U.S.C. § 406 and 20 C.F.R. §§ 404.1720(b), 404.1725(b), 404.1730(b)(1) authorize the Social Security Administration to determine, certify, and pay (out of the claimant's past-due benefits) an attorney's fee, so long as the request and determination do not exceed 25% of the past-due award. We have found no directive that the Social Security Administration "escrow" the full 25% and hold it until such time that all doubts are resolved.

pay counsel independently of the private obligation. Section 406 does not represent a waiver of sovereign immunity vis-á-vis attorney's fees; accordingly, Binder has no direct recourse against the Commissioner of Social Security for the unpaid amount.[4]

---

[4] Binder goes on to contend that if "SSA erroneously fails to pay the award from the past-due disability award, it must first make payment of the . . . award to the attorney and then has the right under certain circumstances to recoup the erroneous payment from the claimant. . . ." Appellant's Br. at 14 - 15. Binder compares the role of the Social Security Administration to that of an "escrow agent" that would be responsible for recovering any funds released in error in a transaction. Binder further contends that the Social Security Administration is obligated to protect the rights of an attorney who received a fee determination from a past-due award but was not properly paid the fee. *Id*. at 15 - 16. We find these arguments unpersuasive for much the same reasons stated above and in note 3 *supra*. Binder's fee does not represent a direct obligation of the federal government. Additionally, § 406 grants the Social Security Administration the authority to determine the private fee, not merely to "escrow" it. Here, the Social Security Administration made an appropriate fee determination and payment certification, but Binder objected and sought an increase in the fee determination. In the absence of a statute or regulation providing otherwise, Binder and other attorneys remain responsible for protecting their rights regarding the private fee obligations of the claimants they represent. The lodging of objections does not somehow act to shift responsibility for safeguarding the interests of counsel to the federal government.

## IV.

Binder further asserts that the outstanding portion of the final fee determination is not subject to the claimant protections embodied in 42 U.S.C. § 407 and that the firm holds a state law lien for the outstanding fee that could not be discharged by the Bankruptcy Court. The Bankruptcy Court determined that the anti-alienation provisions of § 407 do, in fact, bar an attorney from bringing a charging lien against federal disability benefits, leaving Binder with only an unsecured $10,000 claim against Handel. The District Court affirmed.

42 U.S.C. § 407(a) states that the "right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." The Supreme Court has clarified the scope of § 407(a) in *Wash. Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385 (2003), stating that "'other legal process' should be understood to be process much like the processes of execution, levy, attachment, and garnishment, and at a minimum, would seem to require utilization of some judicial or quasi-judicial mechanism. . . to discharge or secure discharge of an allegedly existing or anticipated liability."

Binder's alleged lien falls squarely within the definition of "other legal process" in § 407 as established by *Keffeler*, 537 U.S. at 385. Binder references both New York and New Jersey statutes that establish attorney charging liens in each jurisdiction; each law envisions the utilization of courts to enforce valid claims of liability. N.Y. Judiciary Law § 475 (McKinney 2005) ("The court upon the petition of the client or attorney may determine and enforce the lien."); N.J. Stat. Ann. § 2A:13-5 (West 2000) ("The court in which the action or other proceeding is pending, upon the petition of the attorney or counsellor at law, may determine and enforce the lien."). Accordingly, under 42 U.S.C. § 407(a), Handel's Social Security benefits are not subject to Binder's claim of a charging lien, and the outstanding $10,000 in fees represented an unsecured debt dischargeable by

10

the Bankruptcy Court.

## V.

For the reasons set forth above, we will affirm the order of the District Court.