Joseph C. ROBERTS, Jr., Plaintiff,

v.

Richard SCHWEIKER, Secretary of
Health and Human Services,
Defendant.

Civ. A. No. 82–699–JLL.

United States District Court,
D. Delaware.

March 9, 1987.

Brian J. Hartman and Douglas A.
Shachtman, Wilmington, Del., for plaintiff.

William C. Carpenter, Jr., U.S. Atty., Wilmington, Del., for defendant.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

### I. INTRODUCTION

This case is truly a comedy of errors involving numerous mistakes by the Secretary of Health and Human Services (the "Secretary") and plaintiff's attorney Douglas Shachtman ("Shachtman"). The original dispute began in March of 1980 when plaintiff Joseph C. Roberts, Jr. ("plaintiff"), applied to the Secretary for disability benefits. (Docket Item ["D.I."] 7 at 37.) After the Secretary denied plaintiff's application, plaintiff petitioned this Court for a review of the Secretary's determination. (D.I. 1.) The Court, adopting the U.S. Magistrate's recommendation, remanded the case to the Secretary for additional findings of fact because the Secretary's initial findings were inadequate. (D.I. 14; 17.) On remand, the Secretary revised his original decision and awarded disability benefits

to the plaintiff. (D.I. 23 at Exhibit ["Ex."] B.)

The present dispute in this Court arose when Shachtman, on March 25, 1985, petitioned the Court for an award of attorney's fees for legal services rendered to plaintiff in this Court (D.I. 21), such fees to be disbursed by the Secretary from withheld disability benefits due the plaintiff. The fee petition requested a lodestar amount of $4,492.50 plus an enhancement for the contingent nature of the case and its complexity. (*Id.*) The fee application was referred to the U.S. Magistrate for a Report and Recommendation under 28 U.S.C. § 636. (D.I. 22.). The Secretary opposed Shachtman's fee request in this Court. (D.I. 23.) The Secretary advanced three contentions. First, the Secretary argued that, since Shachtman received payment of an award from the Attorney Fee Officer of the Office of Hearing Appeals ("OHA") in the amount of $5,922 which included payment for legal services rendered both before the administrative agency and this Court, this Court should award no additional fees. Second, the Secretary argued that if this Court should find the fees requested by Shachtman for work in this Court to be reasonable, this Court should reduce any award made by $2,922, thereby, in effect, reinstating the original $3,000 award made by Judge Faby, the Administrative Law Judge ("ALJ"), or, if the Court were unwilling to apply that offset, it should remand the matter to the Secretary so he could determine the appropriate fees for legal services rendered exclusively at the administrative level. Third, the Secretary contended that whatever legal fees are determined to be reasonable for work in this Court, Shachtman must seek payment directly from the disability beneficiaries. This is so because the Secretary no longer holds any disability benefits from which to pay any fee found to be reasonable, since those funds have been paid over to the beneficiaries by the Secretary.

After a thorough review of the record, including evidence presented at a hearing, the Magistrate made three recommendations to this Court. (D.I. 28 at 12.) The Magistrate recommended that the Court:

(1) award Shachtman a fee of $4,368.75 for services performed in this Court; (2) declare the fee payable out of the past due disability benefits of plaintiff and plaintiff's dependent son James E. Roberts; and (3) remand this case for the Secretary to consider an appropriate fee for work performed at the Administrative level in light of the fee award recommended for legal work in this Court. (*Id.*)

Shachtman filed an objection to the Magistrate's Report based on two grounds. First, he contended that the Magistrate erred in remanding to the Secretary to reconsider the fee award for legal services rendered at the administrative level. Second, he maintained that the Magistrate erred in failing to require the Secretary to pay the attorney's fees for work performed in this Court even though the Secretary holds no retained disability benefits from which to satisfy that award.

## II. BACKGROUND FACTS

As outlined above, the plaintiff *pro se* originally applied to the Secretary, in March of 1980, for disability benefits alleging that he was unable to work due to numerous illnesses ranging from varicose veins to angina. (D.I. 7 at 37.) After an evidentiary hearing, the Administrative Law Judge denied the plaintiff's request, finding that the plaintiff was capable of performing the duties of his former job as a stockman (*id.* at 26), and this finding ultimately became the decision of the Secretary.

This Court first entered the picture on October 27, 1982, when plaintiff filed a petition for review of the Secretary's decision. (D.I. 1.) The Court referred the plaintiff's complaint to the U.S. Magistrate for a report and recommendations pursuant to 28 U.S.C. § 636. (D.I. 22.) The Magistrate recommended that the Court remand the case to the Secretary for additional findings of fact because the Secretary's initial findings were inadequate. (D.I. 15.) This Court adopted the Magistrate's recommendation and remanded the case to the Secretary. (D.I. 17.)

On July 12, 1984, Judge Faby, the ALJ, reversed the original decision and recommended that the plaintiff was entitled to benefits as of January 1, 1980. (D.I. 23 at ¶ 2.) The Appeals Council affirmed on October 30, 1984. (*Id.*) Judge Faby awarded the plaintiff $31,152.52 for past due disability benefits. (*Id.*) The Secretary sent the plaintiff a check for $23,364.30 representing 75% of the award. (*Id.*) The Secretary retained $7,778.22, or 25% of the award, for use toward the direct payment of any attorney's fees that might be authorized later. (*Id.*)

On November 19, 1984, Shachtman filed a request with the Secretary for $5,922.00 in attorney's fees for representing the plaintiff at the administrative level. (D.I. 23 at Ex. A.) Shachtman claimed that figure represented 62.3 hours of an attorney's time, billed at $75.00 an hour, and 35.4 hours of a paralegal's time, billed at $30 an hour. (D.I. 24 at ¶ 12.) On May 9, 1985, Judge Faby awarded Shachtman $3,000 as attorney's fees for legal services at the administrative level. (*Id.* at Ex. C.)

Shachtman filed a timely administrative appeal of Judge Faby's $3,000 fee award on May 16, 1985. (D.I. 24 at attachment.) It is at this point that the errors began. Dorothy Figaroore ("Figaroore"), Attorney Fee Officer for OHA, committed the first error in this case. Figaroore increased Shachtman's fee award from $3,000 to $5,922, indicating that this fee was for all of Shachtman's services to the plaintiff and his family, including his work before this Court. (D.I. 23 at Ex. F.) In so doing, Figaroore committed an error of law by awarding Shachtman a fee for his work before a district court.

The second error in this case was committed by Shachtman. Despite the fact that the fee authorization form indicated that the fee award was for Shachtman's work before this Court as well as at the administrative level, Shachtman failed to object to the award within the 30-day time period as required by law.

The third error was the Secretary's release of the plaintiff's withheld past due disability benefits. As stated above, the Secretary had withheld $7,778.22 of the plaintiff's benefits in order to pay any attorney's fees later awarded by the Secretary and/or this Court. (D.I. 23 at Ex. B.) However, because Figaroore had erroneously ruled that the $5,922.00 fee award compensated Shachtman for his work at both the administrative and court levels, the Secretary released the balance of the withheld funds to the plaintiff after paying Shachtman the $5,922.00 awarded by Figaroore, but before the Court considered Shachtman's fee request for services rendered in this Court. (*Id.* at Ex. G.)

The next set of errors relate to benefits awarded to plaintiff's son, James E. Roberts ("James"). As a dependent of a disabled person, James was entitled to benefits as a result of the plaintiff's disabilities. (D.I. 27 at first attachment.) On August 11, 1985, the Secretary sent a letter to James awarding him $15,871.20 for past due benefits. (*Id.*) The letter stated that James would receive $11,903.40 immediately and that the remaining $3,967.80 would be withheld for the payment of attorney's fees. (*Id.*) Shachtman received a copy of the letter. (*Id.*)

The award letter to James contained the fourth error. The letter stated that James' award was for claim number 222–12–4994 HA. (*Id.*) The first portion of this claim number is the plaintiff's social security number. (D.I. 7 at 78.) This correctly identifies James' claim as derivative of the plaintiff's claim. However, the "HA" suffix erroneously signifies that James was entitled to benefits as a wage earner. (D.I. 27 at first attachment.) The suffix should have been "HCI," signifying an award to the dependent of a wage earner. (D.I. 27 at second attachment.)

After receiving the August letter, Shachtman compounded the errors by committing the fifth mistake. Unaware that the plaintiff even had a dependent son,[1]

---

1. Plaintiff's original application for disability benefits clearly stated that the plaintiff had a minor son. (D.I. 7 at 80.) Although Shachtman did not represent the plaintiff when the original application was filed, Shachtman apparently never reviewed the plaintiff's initial application

Shachtman believed that the Secretary had mistakenly affixed his client Joseph Roberts' claim number to another wage-earner claimant, James Roberts. Without even checking or consulting with his client, Joseph Roberts, Shachtman wrote the Secretary on August 16, 1985, denying that he represented James. (*Id.*) Indeed, Shachtman never thereafter wrote the Secretary to clear up this error, even after receiving a copy of the Secretary's award letter, on October 8, 1985, which correctly identified James as the plaintiff's dependent. (D.I. 27 at second attachment.)

A sixth error occurred when the Secretary released James' withheld disability benefits. (D.I. 23 at Ex. I.) This occurred on November 25, 1985, when James requested that the Secretary release the disability benefits withheld for the payment of attorney's fees. (D.I. 23 at Ex. I.) Relying on Shachtman's August 16th letter, James contended that Shachtman had waived his right to request a fee payable from his benefits. (*Id.*) The Secretary apparently agreed because he released the entire amount of withheld funds to James before this Court considered Shachtman's request for fees. (D.I. 23 at ¶ 18.)

## III. ANALYSIS

■ The Court now turns to the parties' contentions. The Secretary first contends that this Court should not award Shachtman any additional fees since the $5,922 administrative fee award and payment fully compensated Shachtman for his services at the administrative and district court levels. (D.I. 23 at ¶ 17.) In response, Shachtman argues that since Figaroore had no authority to award attorney's fees for Shachtman's work before this Court, her award should have no effect on any fees currently being considered by this Court. (D.I. 24 at ¶ 10.) The Court agrees with Shachtman.

The form authorizing Shachtman's administrative attorney's fees states that the fee "is for all services rendered the claimant and his family. Services before the

Court were also included in the authorization of this fee." (D.I. 23 at Ex. F.) However, administrative fee officers have no jurisdiction to award fees for an attorney's work before a district court. *Guido v. Schweiker*, 775 F.2d 107, 108–09 (3d Cir. 1985). Thus, Figaroore's attempt to award fees for Shachtman's work before this Court was invalid and can have no effect on this Court's decision to award a fee for work done here.

■ It follows that the Court must determine a reasonable fee for Shachtman's work before it without regard to what Figaroore awarded. The Magistrate recommended that this Court award Shachtman $4,368.75 as reasonable attorney's fees for his work before this Court. Since neither party has objected to the reasonableness of that amount, the Court will adopt the Magistrate's recommendation.

■ The Secretary next contends that if the Court awards Shachtman attorney's fees for his work before this Court, it should either: (1) reduce Figaroore's award by $2,922, thereby reinstating the original $3,000 award made by Judge Faby; or (2) remand this case to the Secretary so that he can determine an appropriate award exclusively for Shachtman's administrative work. (D.I. 33 at ¶ 18.) Shachtman vigorously objects to a reduction of the award or a remand of this case. (D.I. 33 at 1–4.) Shachtman insists that since the Secretary has no right to appeal his own award, he cannot petition this Court for a reduction or a remand. (*Id.*) Once again the Court must agree with Shachtman for the reason he advances and the more basic reason that this Court lacks the subject matter jurisdiction to review that award.

Under the present regulations, only a claimant and his attorney have the right to initiate a review of the agency's initial fee award. 20 C.F.R. § 404.1720(d) (1987). The regulations do not afford the Secretary such a right. The Secretary has proposed a change in the regulations which would allow him to initiate a review of an adminis-

to learn of plaintiff's dependent son even though he states that it was his practice to "thoroughly

prepare all social security matters." (D.I. 24 at attachment.)

trative fee determination on his own motion. 51 Fed.Reg. 28,834 (1986) (to be codified at 20 C.F.R. pts. 404, 406, 416) (August 12, 1986). However, the change has not yet taken effect. *See* 20 C.F.R. § 404.-700–.799. In proposing the change, the Secretary admitted that the present regulations "do not provide for us [the Secretary] to initiate our own motion review of fee determinations." *Id.*

Despite this admission, the Secretary attempts to initiate a review of the fee award here by requesting this Court to reduce the award or remand the case so that the Secretary can reduce it. Since the present regulations do not permit the Secretary to initiate such a review, this Court will decline to take either action.

█ Moreover, this Court lacks the subject matter jurisdiction to reduce the award or remand this case. Jurisdiction to review an administrative fee award in the area of disability benefits is governed by section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g) (1985). *Pepe v. Schweiker,* 565 F.Supp. 97, 98 (E.D.Pa. 1983). Section 205(g) limits judicial review of such decisions to cases involving "a final decision of the Secretary made after a hearing." 42 U.S.C. § 405(g). Thus, judicial review does not lie under section 205(g) for any decisions of the Secretary rendered without the need for a hearing. *Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). The *Califano* decision dealt with judicial review of the Secretary's decision not to reopen a prior determination. The Supreme Court held that since the Secretary is not required to hold a hearing before deciding a petition to reopen, judicial review of that decision would not lie under section 205(g). *Califano,* 430 U.S. at 108–09, 97 S.Ct. at 985–86.[2]

The Third Circuit has also held that section 205(g) does not grant courts jurisdiction to review decisions of the Secretary made without the requirement of a hearing. *Penner v. Schweiker,* 701 F.2d 256, 261 (3d Cir.1983); *Stauffer v. Califano,* 693 F.2d 306, 307 (3d Cir.1982). Neither the Act nor its regulations require the Secretary to hold a hearing before deciding an attorney's fee request for legal work at the administrative level. *See* 42 U.S.C. § 406(a); 20 C.F.R. § 404.1720. Thus, this Court may not look to section 205(g) for jurisdiction to review the Secretary's fee award.

Furthermore, this Court may not seek alternative sources of jurisdiction to review the Secretary's decision. Section 205(h) of the Act states that "no findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or government agency except as herein provided." 42 U.S.C. § 405(h). The Supreme Court has interpreted this section as mandating that section 205(g) be the exclusive avenue of jurisdiction to review the Secretary's decisions in this area, *Califano,* 430 U.S. at 103 n. 3, 97 S.Ct. at 983 n. 3. All of the traditional sources of jurisdiction, such as federal question jurisdiction, are foreclosed by section 205(h). *Weinberger v. Salfi,* 422 U.S. 749, 764, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975).

From the foregoing it is clear that this Court lacks the subject matter jurisdiction to review the Secretary's fee award. For this reason, and because the Secretary has no right to appeal his own award, the Court will deny the Secretary's requests for a reduction of the award or a remand of the case. The Court is aware that this may result in Shachtman receiving a double fee for his services performed while representing the plaintiff before this Court. However, the statutory scheme and the applica-

---

**2.** The *Califano* court carved out a narrow exception to this rule. Courts may review a decision of the Secretary for constitutional violations, even if that decision was rendered without the need for a hearing. *Califano,* 430 U.S. at 109, 97 S.Ct. at 986. This is so because courts will presume jurisdiction to review a constitutional challenge unless Congress' intent to foreclose such jurisdiction is "manifested by 'clear and

convincing evidence.'" *Id.* The Secretary's attempt to award fees for Shachtman's services before this Court is in direct violation of the law of this circuit. *See Guido,* 775 F.2d at 108–09. However, it does not rise to the level of a constitutional violation. Thus, this Court may not "presume jurisdiction" to review the Secretary's decision under the *Califano* exception.

ble Supreme Court decisions render this Court powerless to do anything to avoid this result.

The Magistrate recommended that this Court remand this case to the Secretary so that he could determine an appropriate fee exclusively for Shachtman's administrative work. (D.I. 28 at 12.) Based on the above analysis, the Court will reject that recommendation of the Magistrate.

 The Secretary's final contention is that if this Court does award attorney's fees, it should declare the fees payable out of the disability benefits in the possession of the disability beneficiaries. (D.I. 33 at ¶ 18.) Shachtman responds that this Court should order the Secretary to pay the fees, presumably out of funds belonging to the United States, since the Secretary violated the regulations by failing to retain a percentage of the benefits in order to pay the fees awarded by this Court. (D.I. 33 at 4–5.) The Court agrees with the Secretary for three reasons.

First, it is well settled that the United States is immune from claims for attorney's fees, absent a waiver of that immunity. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983); *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 267–68, 95 S.Ct. 1612, 1626, 44 L.Ed.2d 141 (1975). Even when the United States waives its immunity from such claims that waiver must be strictly construed. *Ruckelshaus*, 463 U.S. at 685, 103 S.Ct. at 3277.

Neither the Secretary nor Shachtman addressed the issue of sovereign immunity, let alone suggests any statute waiving that immunity. (D.I. 21.) This Court was left on its own to search for a waiver, and its research reveals that none exists.[3] In the absence of such a waiver, the Court is powerless to award attorney's fees against the United States. *Ruckelshaus*, 463 U.S. at 685, 103 S.Ct. at 3277.

Second, Congress has manifested its intent that all attorney's fees awarded in disability cases be paid out of the past due disability benefits. Section 206(b)(1) of the Act states that attorney's fees must come directly out of, and not in addition to, the past due benefits to which a claimant is entitled. 42 U.S.C. § 406(b)(1). Because all of the past due benefits have been released to James and the plaintiff, it is to them that Shachtman must look for his fee.

Finally, the Court will not permit Shachtman to complain about the Secretary's premature release of the past due benefits since Shachtman's own negligence greatly contributed to this error. The Secretary did prematurely release the plaintiff's and James' past due benefits. As stated above, the Act, and its regulations, contemplate that the Secretary will retain sufficient funds from a claimant's past due benefits for the payment of attorney's fees should they later be authorized by the Secretary and a court. 42 U.S.C. § 406(a), (b)(1); 20 C.F.R. § 404.1730(a)–(c). The Secretary correctly withheld a percentage of the plaintiff's and James' past due benefits for this purpose. (D.I. 23 at Ex. B; 27 at first attachment.) However, he erroneously released those fees after the administrative fee award but before this Court considered Shachtman's fee request for his work before it.

However, the Secretary was not solely at fault for the early release of those funds. Shachtman must accept a large share of that blame. As to the release of the plaintiff's withheld benefits, the Secretary released the entire withheld funds to the plaintiff after paying Shachtman the fee award he requested. (D.I. 23 at Ex. G.) This was due to the Secretary's mistaken belief that Figaroore's fee award compensated Shachtman for his work at the administrative and court levels. However, Shachtman helped foster this belief by failing to object to Figaroore's award as required by the regulations.

---

3. The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (1982), waives the Government's immunity for attorney's fees claims in disability cases. *Tressler v. Heckler*, 748 F.2d 146, 148 (3d Cir.1984). However,

Shachtman does not claim his fees under the EAJA and he may not since he has not filed the required application. *See* 28 U.S.C. § 2412(d)(1)(B).

Shachtman must also accept partial responsibility for the premature release of James' withheld benefits. The Secretary released these benefits only after Shachtman wrote the Secretary and denied representing James. (D.I. 23 at Ex. H.) Shachtman admits that he erroneously denied representing James but contends that his denial was caused by the Secretary's mistake in identifying James as a wage earner in James' initial award letter. (D.I. 24 at ¶ 14.) The Court is unpersuaded by Shachtman's argument.

The Secretary did mistakenly identify James as a wage earner as opposed to a dependent of a wage earner. (D.I. 27 at first attachment.) Nevertheless, Shachtman could have easily discovered James' true identity. First, the plaintiff's original application for benefits clearly stated that he had a son named James. (D.I. 7 at 80.) Second, it would have been a simple matter for Shachtman to contact the plaintiff, after receiving the Secretary's letter, and inquire whether the plaintiff had a son. Instead of following this reasonable course and clearing up the confusion, Shachtman compounded it by writing to the Secretary to deny his representation of James. Finally, Shachtman failed to correct his mistake even after receiving a letter from the Secretary on October 8, 1985, correctly identifying James as the plaintiff's dependent. Having actively participated in the Secretary's premature release of the plaintiff's and James' withheld benefits, Shachtman may not demand that his court-earned fee be paid by the Secretary presumably from the public treasury.

CONCLUSION

Based on the above discussion, the Court will affirm in part and reverse in part the recommendation of the Magistrate. Therefore, the Court will order and adjudge that: (1) a reasonable attorney's fee for legal services rendered by Shachtman in this Court is $4,368.75; (2) Shachtman must look to the disability beneficiaries for the payment of these fees;[4] (3) such fees are

not payable by the Secretary from public funds; and (4) the Secretary's request, that this Court reduce the Secretary's fee award for legal services rendered at the administrative level or remand the case to the Secretary for this purpose, will be denied.

A final order will be entered in accordance with this Memorandum Opinion.

---

**4.** Of course, this Court may not enter judgment for Shachtman against the disability beneficiaries for legal fees as they were and are not

parties to the present dispute and have had no opportunity to participate in these proceedings.