**Jerry RUSSELL, Jr., Appellant,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Appellee.**

No. 89–1714.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 1, 1989.

Decided Oct. 12, 1989.

Rehearing and Rehearing En Banc Denied Nov. 21, 1989.

Anthony W. Bartels, Jonesboro, Ark., for appellant.

Russell Shultis, Baltimore, Md., for appellee.

Before LAY, Chief Judge, HEANEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

PER CURIAM.

Anthony Bartels appeals from the district court's [1] order denying his motion to hold the Secretary of Health and Human Services (Secretary) in contempt for failing to pay the attorney fees awarded following a proceeding to reinstate social security benefits. We affirm the district court's ruling.

Bartels served as counsel to Jerry Russell in the proceeding to terminate Russell's disability benefits. Following the successful reinstatement of Russell's benefits, Bartels filed a motion for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (1982) ("EAJA"). The district court entered an award for $1,688.66, under the EAJA, which represented only Bartels' time for legal work performed before the district court. Bartels later moved for a fee award under 42 U.S.C. § 406(b)(1) (1982), but the district court denied the motion, noting that Bartels had already received a fee award under the EAJA. Bartels then applied for a fee award under 42 U.S.C. § 406(a), which allows the Secretary to authorize an award for administrative work performed by an attorney in a social security proceeding. The Secretary authorized an award of $3,000 for Bartels under this section.

The fee award notice sent by the Secretary informed Bartels that Russell, his client, was deceased. The Secretary noted that the money which should have been withheld from Russell's benefit payments in order to cover a fee award [2] had been inadvertently released to Russell. The Secretary suggested Bartels recover the award from his deceased client's estate, which Bartels unsuccessfully attempted.

Bartels then moved the district court for an order holding the Secretary in contempt for non-payment of fees.

The district court denied Bartels' motion, refusing to issue the contempt citation. The district court determined it lacked jurisdiction in this matter, since no court order directing payment of the fees existed, and thus, no court order was violated by the Secretary. In addition, even assuming it had jurisdiction, the district court determined no remedy was available. Bartels appeals from this ruling.

■ The district court's conclusion that it lacked jurisdiction in this case is correct. Civil contempt is available only where a court order exists and can be enforced. *Finney v. Arkansas Bd. of Corrections*, 505 F.2d 194, 213 (8th Cir.1974). No order directing the Secretary to pay Bartels' fees exists in this case, so therefore, the contempt sanction is unavailable. Bartels relies on *Motley v. Heckler*, 605 F.Supp. 88 (W.D.Va.1985), *rev'd*, 800 F.2d 1253 (4th Cir.1986), to support his argument that the Secretary is required to "make him whole." *Motley* is inapplicable to this case, however, since it involves the application of 42 U.S.C. § 406(b), under which the district court can enter an order for attorney fees. This case, in contrast, involves section 406(a), which only authorizes the Secretary to award fees. We have previously stated that fee awards made by the Secretary are not subject to the district court's review. *Copaken v. Secretary of Health, Educ. & Welfare*, 590 F.2d 729, 731 (8th Cir.1979) (agency fee determinations committed to agency discretion and not judicially reviewable). If the Secretary's fee awards are not judicially reviewable, the district court likewise has no authority to force the Secretary to comply with an award the court did not issue.

■ The district court also concluded that, assuming it had jurisdiction under the facts of this case, no remedy was available. Bartels apparently seeks an order requiring the Secretary to pursue collection of his

---

1. The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.

2. The fee awarded an attorney under section 406 is paid out of any past-due benefits to which the claimant is entitled. *See* 42 U.S.C. § 406(a), (b); 20 C.F.R. § 404.1720(b)(4) (1988).

fees from Russell's estate. The Secretary's recoupment powers are limited, however, by 42 U.S.C. § 404(b): "[T]here shall be no * * * recovery by the United States from, any person who is without fault if such * * * recovery would defeat the purpose of this title or would be against equity and good conscience." Neither party alleges any "fault" attributable to Russell which would allow the Secretary to pursue recoupment.[3]

■ Finally, as the district court noted, even assuming it had jurisdiction in this case, there is no waiver of immunity that allows the Secretary to pay this fee. Since no funds are left for payment to Russell, ordering the Secretary to pay Bartels' award would require payment out of general social security funds. The United States is not liable for such a payment absent a specific waiver of sovereign immunity. *See Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983). Section 406 contemplates payment of the fee award by the *claimant*, out of past-due benefits, rather than by the government, out of general funds. Thus, 42 U.S.C. § 406 cannot be construed as a waiver of immunity. *See Roberts v. Schweiker*, 655 F.Supp. 1105, 1110 (D.Del. 1987) (recovery of fee award available only from claimant's estate since section 406 not a waiver of immunity.)

We decline to address Bartels' request that our decision in *Gowen v. Bowen*, 855 F.2d 613 (8th Cir.1988) be applied retroactively, since the only issue before us is Bartels' contempt motion. We therefore affirm the order of the district court denying the motion to find the Secretary in contempt.

---

**3.** The Secretary's regulations allow withholding twenty-five percent of the claimant's past-due benefits for payment of a fee award for approximately ninety days after a favorable determination is issued. If no request for a fee award is received, the withheld benefits are paid to the claimant. *See* 20 C.F.R. § 404.1730(C)(2)(i). Once the withheld benefits are released, collection of the fee, which still must be approved by the Secretary, is between the claimant and the attorney. *Id.*, at (c)(2)(ii). Bartels applied for a section 406(b) fee in May, 1988, but the record indicates the Secretary "inadvertently" released the withheld benefits in January, 1987. It is unclear from the record when Russell's benefits were successfully reinstated, and whether the Secretary released the withheld benefits earlier than its regulations provide.