**Terry B. JONES, Plaintiff,**

v.

**LINCOLN ELECTRIC CO., et al., Defendants.**

**No. 2:95–CV–83–RL.**

United States District Court, N.D. Indiana, Hammond Division.

March 18, 1997.

24. The Court's ruling on EEOC's Motion for Leave to File an Amended Complaint (Doc. # 93– 1) is not being certified.

Michael Cascino, Robert George McCoy and Frank Stachyra, Casino and Vaughan, Chicago, IL, for Plaintiff.

David Gloor, Cassiday Schade & Gloor, Chicago, IL, Mathew F. Kennelly, Cotsirilos, Stephenson, Tighe & Streicker, Chicago, IL, for Defendants.

### ORDER

LOZANO, District Judge.

This matter is before the Court on Plaintiff's Motion for a Rule to Show Cause Why Thomas W. Eagar Should Not Be Held in Contempt of Court, filed on November 29, 1996. For the reasons set forth below, this motion is **DENIED** and the civil contempt proceedings against Dr. Eagar are **DISMISSED**.

### BACKGROUND

In this products liability action, Plaintiff, Terry B. Jones, sued six manufacturers of the tools of his trade, "welding rods." The case went to trial. Dr. Thomas W. Eagar testified as an expert witness. The jury returned a verdict for the manufacturers. Jones took an appeal. Almost a year after the jury's verdict and while the appeal was still pending, Jones filed a motion for a new trial, alleging that Dr. Eagar gave false testimony by materially mischaracterizing his participation in a research study, the results of that study, and the results of another study. Simultaneously, Jones also filed a motion for a rule to show cause why Dr. Eagar should not be held in contempt.

### DISCUSSION

Jones seeks to hold Dr. Eagar liable in civil contempt. Dr. Eagar responds that a witness who does no more than give false testimony is not subject to civil contempt. The Court agrees with Dr. Eagar because the nature and purpose of civil contempt do not warrant applying it to mere false testimony.

Although the precise civil contempt issue here is not well-settled, some related principles of criminal contempt and perjury are. No doubt, giving false testimony can constitute the crime of perjury. *In re Michael,* 326 U.S. 224, 226–27, 66 S.Ct. 78, 90 L.Ed. 30 (1945); *Matter of Kitchen,* 706 F.2d 1266, 1274–75 (2d Cir.1983). However, the law is clear that the same false testimony that constitutes perjury does not also constitute criminal contempt without some added element of obstruction of justice or the court's authority. *Michael,* 326 U.S. at 227–29; *United States v. Griffin,* 589 F.2d 200, 205 (5th Cir.1979).

Essentially, Jones and Dr. Eagar debate whether the criminal contempt requirement of an added obstructive element also applies to civil contempt. In other words, they debate whether Dr. Eagar is subject to civil contempt merely if he gave false testimony, or whether he must have also obstructed the Court in some additional way. (Jones seems to concede that Dr. Eagar did no more than testify falsely; Jones has not alleged any added obstructive element.)

Although there appears to be a dearth of pointed authority, this Court con-

cludes that several factors combine to give Dr. Eagar the stronger position. Albeit without much explanation, some courts have concluded that the added-obstructive-element which applies in the criminal contempt context also applies in the civil context. *Kitchen,* 706 F.2d at 1274–75; *Times Herald Printing Co. v. Dallas Morning News Co.,* 1987 WL 20403, at *1 (N.D.Ill.1987). Other authorities echo this view by describing civil contempt as a measure designed largely if not exclusively for (1) coercing a party or witness to comply with a court order or other form of court authority, or (2) compensating harm caused by defiance of an order or other form of court authority.[1] From these authorities, this Court draws the conclusion that to be subject to civil contempt, the alleged contemnor's behavior must disobey an explicit court order or otherwise defy or obstruct the court's authority to conduct orderly proceedings.

■ Although perhaps a close question, the Court concludes that by itself, Dr. Eagar's alleged false testimony does not satisfy this test. First, this Court never ordered Dr. Eagar to testify truthfully. Granted, Dr. Eagar swore to do so, but that oath does not amount to an order of the Court.

■ Second, assuming that Dr. Eagar did testify falsely, his doing so did not otherwise defy or obstruct the Court's authority. Of course, an essential function of a trial is truth-finding, and false testimony can impede that function. *Michael,* 326 U.S. at 227 (criminal contempt decision noting that "[a]ll perjured relevant testimony is at war with justice, since it may produce a judgment not resting on the truth"). Yet the truth-finding function and the trial court's authority are not interchangeable players in the litigation process, and impeding the former does not necessarily equate with impeding the latter. *See id.* (noting that perjured testimony "need not necessarily . . . obstruct or halt the judi-

cial process"). Here, the Court was able to use its authority to conduct an orderly trial regardless of whether Dr. Eagar's testimony will turn out to have been false. Indeed, by their very nature trials contain conflicting testimony, and in some sense the testimony offered by the party who loses might often be said to have been "false." Yet courts routinely conduct orderly trials with such "false" testimony. *See id.* at 228 (noting that in performing the truth-finding function the trial court "must hear both truthful and false witnesses"). Of course, Jones does not argue that Dr. Eagar's testimony was false in the mere sense that it conflicted with the view of another, but false in the sense that it had no grounding in objective reality. Still, the fact remains that Dr. Eagar never defied an explicit order nor otherwise prevented the Court from controlling the trial.

■ Third, with the trial over, the Court cannot coerce Dr. Eagar to do anything. A prominent if not essential reason for the measure of civil contempt is to give courts a tool for forcing obedience to their orders. At this point, this Court certainly cannot order Dr. Eagar to come back and testify "truthfully" and thereby restore "order" to the trial, which is long over.

■ The Court notes that although Jones cannot benefit from civil contempt, he still has a potential alternative remedy. As noted above, Jones has filed a motion under Federal Rule of Civil Procedure 60(b) seeking a new trial on the ground of newly discovered evidence. If Jones can satisfy the requirements of Rule 60(b) with respect to Dr. Eagar's testimony, he may gain the remedy of a new trial, although likely not the cost of the first trial he seeks to recover through civil contempt.

Finally, the Court notes that this ruling is not intended to comment one way or the

---

1. *Matter of Crededio,* 759 F.2d 589, 590–91 (7th Cir.1985) ("[C]ivil contempt is primarily coercive in nature."); *Times Herald,* 1987 WL 20403, at *1 ("Civil contempt is a sanction available to the court to either coerce compliance with the court's authority, compensate a complainant for losses sustained due to non-compliance, or both."); *Russell v. Sullivan,* 887 F.2d 170, 171 (8th Cir.1989) ("Civil contempt exists only where a court order exists and can be enforced."); 3

Charles A. Wright, *Federal Practice and Procedure* § 704, pp. 823–24 (2d ed. 1982) ("A contempt proceeding is civil if the purpose is remedial and intended to coerce the person into doing what he is supposed to do."); *Black's Law Dictionary,* pp. 318–19 (6th ed.1990) (defining "contempt" as a "willful disregard or disobedience of a public authority" and civil "contempt of court" as the "failure to do something which the party is ordered by the court to do").

other on whether Dr. Eagar is subject to prosecution for perjury. The Court has not endeavored in this ruling to determine whether Dr. Eagar actually did give false testimony. For now, the Court reserves judgment on whether to refer this matter to the United States Attorney.

Any previous settings and orders regarding Plaintiff's Rule 60(b) motion are hereby **REAFFIRMED.**

*CONCLUSION*

For the foregoing reasons, Plaintiff's Motion for a Rule to Show Cause Why Thomas W. Eagar Should Not be Held in Contempt of Court is **DENIED,** and the civil contempt proceedings are **DISMISSED.**