Stevie Dale **BOOTH**, Plaintiff–
Appellant,

v.

**COMMISSIONER OF SOCIAL
SECURITY,** Defendant–
Appellee.

No. 15–5892.

United States Court of Appeals,
Sixth Circuit.

April 20, 2016.

BEFORE: NORRIS, McKEAGUE and WHITE, Circuit Judges.

HELENE N. WHITE, Circuit Judge.

Stevie Dale Booth successfully challenged the Commissioner of Social Security's denial of his application for disability benefits, and his attorney, Wolodymyr Cybriwsky—the real party in interest in this case—sought attorney fees. The district court granted the fee request, but noted that under 42 U.S.C. § 406, the fee would have to be paid out of Booth's benefits award, which the Commissioner had already disbursed. After Cybriwsky was unsuccessful in his efforts to recover the fee from Booth, Cybriwsky moved to require payment by the Commissioner. The district court denied the motion, and we **AFFIRM.**

## I.

### A.

The Social Security Act governs attorney fees in Social Security cases, both administrative proceedings before the Commissioner and court actions seeking review of the Commissioner's decision. 42 U.S.C. § 406. The Supreme Court has explained:

> For representation of a benefits claimant at the administrative level, an attorney may file a fee petition or a fee agreement. 42 U.S.C. § 406(a). In response to a petition, the agency may allow fees "for services performed in connection with any claim before" it; if a determination favorable to the benefits claimant has been made, however, the Commissioner of Social Security "*shall ... fix ... a reasonable fee*" for an attorney's services. § 406(a)(1) (emphasis added). In setting fees under this method, the agency takes into account, in addition to any benefits award, several other factors. See 20 CFR § 404.1725(b). Fees may be authorized, on petition, even if the benefits claimant was unsuccessful. § 404.1725(b)(2).

As an alternative to fee petitions, the Social Security Act, as amended in 1990, accommodates contingent-fee agreements filed with the agency in advance of a ruling on the claim for benefits. Omnibus Budget Reconciliation Act of 1990, 104 Stat. 1388–266 to 1388–267, as amended, 42 U.S.C. §§ 406(a)(2)-(4). If the ruling on the benefits claim is favorable to the claimant, the agency will generally approve the fee agreement,

subject to this limitation: Fees may not exceed the lesser of 25 percent of past-due benefits or $4,000 (increased to $5,300 effective February 2002). §§ 406(a)(2)(A)(ii), (iii); 67 Fed.Reg. 2477 (2002). [The applicable maximum has since been increased to $6,000. 74 Fed.Reg. 6080–02 (Feb. 4, 2009).]

For proceedings in court, Congress provided for fees on rendition of "a judgment favorable to a claimant." 42 U.S.C. § 406(b)(1)(A). The Commissioner has interpreted § 406(b) to "prohibi[t] a lawyer from charging fees when there is no award of back benefits." Tr. of Oral Arg. 37–38.

As part of its judgment, a court may allow "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Ibid.* Because benefits amounts figuring in the fee calculation are limited to those past due, attorneys may not gain additional fees based on a claimant's continuing entitlement to benefits.

The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense. §§ 406(a)(5), (b)(2); 20 CFR §§ 404.1740–1799.

*Gisbrecht v. Barnhart,* 535 U.S. 789, 793–96, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) (footnotes and some citations omitted). In the Sixth Circuit, an attorney who represents the claimant before the Commissioner and in court may separately receive fees for both representations, meaning the attorney may receive total fees exceeding twenty-five percent of the claimant's benefits award. *Horenstein v. Sec'y of Health & Human Servs.,* 35 F.3d 261, 262–63 (6th Cir.1994) (en banc). *But see Rice v. Astrue,* 609 F.3d 831, 834–35 & n. 12 (5th Cir.2010) (discussing the circuit split on this issue); *Clark v. Astrue,* 529 F.3d 1211, 1214–15 (9th Cir.2008) (same).

### B.

After the Social Security Administration denied Booth's benefits claim, Cybriwsky filed a complaint in the district court on Booth's behalf. The Commissioner filed an answer, and then immediately moved for entry of judgment and remand, with the understanding that the Administration would issue a favorable decision. Booth consented to the remand, and the district court returned the case to the Administration. The Administration issued a decision awarding Booth $26,220 in past-due benefits in February 2012. The following month, the Administration sent Booth and Cybriwsky letters explaining that it would withhold twenty-five percent of Booth's past-due benefits—a total of $6,555—for payment of attorney fees. In June 2012, the Commissioner awarded Cybriwsky $6,000 in § 406(a) fees for his administrative representation, pursuant to a fee agreement between Booth and Cybriwsky. Soon after, the Commissioner released the remaining $555 in withheld funds to Booth.

In May 2013, more than a year after the Administration's favorable decision, Cybriwsky returned to the district court to petition for additional attorney fees for court proceedings under § 406(b) of the Social Security Act. Cybriwsky requested $6,555 for his services in federal court, relying on a fee agreement,[1] and submitted

---

1. The record is not clear whether this is the same agreement the Commissioner relied on

an itemized list of his hours. The Commissioner did not oppose the fee request, agreeing the fee was reasonable. The district court granted Cybriwsky the full $6,555 in August 2014. Because § 406(b) required the fee to be paid from Booth's past-due benefits, the court noted, Cybriwsky would need to collect the award directly from Booth.

A month later, Cybriwsky filed a motion seeking payment by the Commissioner of the § 406(b) fee for court representation. Cybriwsky explained that he had requested the $6,555 fee from Booth, who refused to pay, and asked the court to order the Commissioner to pay Cybriwsky the fee directly. The Commissioner opposed the motion because the past-due benefits had already been released. The district court construed Booth's motion to require payment by the Commissioner as a Rule 59(e) motion to reconsider the court's earlier order granting fees, and denied the motion in June 2015.

## II.

The only issue before us is whether the district court should have ordered the Commissioner to pay Cybriwsky the § 406(b) fee for court representation. Section 406(b) provides that fees for court representation are paid "out of, and not in addition to, the amount of [the] past-due benefits." Here, the Commissioner could not be ordered to pay the fee "out of" Booth's past-due benefits because those benefits had already been disbursed. Further, the Commissioner is immune from claims for payment of attorney's fees out of the Administration's own funds absent a waiver of sovereign immunity, and the Commissioner has not waived immunity. *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983)

("Except to the extent it has waved its immunity, the Government is immune from claims for attorney's fees."); *Russell v. Sullivan,* 887 F.2d 170, 172 (8th Cir. 1989) ("§ 406 cannot be construed as a waiver of immunity."). Thus, the district court properly denied the motion to order the Commissioner to pay Cybriwsky the § 406(b) award for court representation.

■ Our conclusion that the Commissioner cannot be compelled to pay § 406(b) attorney's fees for court representation after the claimant's past-due benefits have been disbursed is in line with other courts that have addressed similar claims. As the Third Circuit has explained, the Social Security Act "oversees and regulates the private obligation of the claimant to her counsel, but does not create a federal promise to pay counsel independently of the private obligation." *In re Handel,* 570 F.3d 140, 144 (3d Cir.2009). Thus, the Eighth Circuit has held the district court has "no authority" to order the Commissioner to pay "the balance remaining on [an attorney's] fee award out of general social security funds." *Pittman v. Sullivan,* 911 F.2d 42, 46 (8th Cir.1990). Likewise, the Tenth Circuit has explained, "If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant[.]" *Wrenn ex rel. Wrenn v. Astrue,* 525 F.3d 931, 933–34 (10th Cir.2008).

Cybriwsky asserts that the Commissioner prematurely released Booth's past-due benefits award, and should have withheld a greater portion for payment of his attorney's fees. The Commissioner withheld $6,555—a quarter of Booth's award—and remitted $6,000 to Cybriwsky for his services in the administrative proceedings, refunding the remaining $555 to Booth. But

in awarding fees for the administrative representation.

Cybriwsky suggests that the statute required the Commissioner to withhold enough funds to cover any possible fee awarded for the court representation as well. This argument must fail.

Cybriwsky relies on language in the Social Security Act authorizing the Commissioner to "certify" the attorney fee for court representation for payment directly to the attorney. 42 U.S.C. § 406(b)(1)(A). However, the statute provides that the Commissioner "may" certify the funds, not "shall." *Id.; see also* 20 C.F.R. § 404.1728(b) ("[W]e *may* pay the attorney the amount of the fee out of, but not in addition to, the amount of the past-due benefits payable." (emphasis added)). In any event, according to the Administration's Program Operations Manual System (POMS), the Commissioner will only withhold twenty-five percent of a claimant's benefits award for payment of attorney's fees. *See* POMS GN 03820.017, *available at* http://www.ssa.gov (last visited April 7, 2016). Under current policy, "[i]f a Federal court awards a fee in addition to the fee, if any, SSA [the Administration] authorizes for proceedings at the administrative level, SSA withholds a maximum of 25 percent of past-due benefits for payment of fees, whether authorized by SSA, a court, or both." *Id.* GN 03920.035; *see also id.* GN 03920.060. Cybriwsky cites no contrary authority requiring the Administration to withhold more than twenty-five percent of the claimant's past-due benefits award.

Although the district court cannot order the Commissioner to pay Cybriwsky the $6,555 fee awarded for his court representation, the Administration offers a mechanism to assist Cybriwsky in recovering at least $555 of the court award from Booth. When the Administration prematurely releases withheld funds without paying a fee award due to the claimant's attorney, the attorney can request the Administration to bring overpayment proceedings to recover the funds from the claimant on the attorney's behalf. *See* 42 U.S.C. § 404 (providing for recovery of overpayments); 20 C.F.R. § 404.501 (permitting recovery of funds directly payable to the claimant's attorney); POMS GN 03920.055 (explaining procedures for recovering funds payable to the attorney). The Commissioner has represented that, although Cybriwsky has not requested overpayment recovery, the Administration has already initiated the relevant procedures. However, this procedure applies only to the $555 in withheld funds released to Booth, and Cybriwsky would have to recover any other funds owed directly from his client.

For these reasons, we **AFFIRM** the district court's denial of Cybriwsky's motion to require payment by the Commissioner.